LAWYERS CO-OPERATIVE PUB. CO. v. M. S. McCRACKEN.

149 So. 207.

Opinion Filed June 22, 1933.

Appeal Reinstated July 5, 1933.

Second Opinion Filed Sept. 20, 1933.

*A. Melrose Lamar,* for Appellant;

*M. S. McCracken,* for Appellee.

PER CURIAM.—In this case the appellee has neither appeared nor filed briefs in the cause. The certificate attached to the transcript of the record is fatally insufficient

to comply with the rules of this Court which require transcripts of the record to show that they contain a correct transcript of the "record of the judgment" or decree appealed from. Mercer v. State, 83 Fla. 55, 92 Sou. Rep. 535. The certificate attached in this case is simply that certain numbered pages contain a correct "transcript of the record" in the case of The Lawyers' Co-Operative Publishing Company v. M. S. McCracken, and a true and correct recital and copy of all such papers and proceedings that have been directed to be included in the transcript. Such certificate is not sufficient under the rule nor can it be said to have been waived by appellee who has not appeared in this Court.

Appeal dismissed for defective certificate to transcript of the record.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

BUFORD, J.—This case was dismissed by order of this Court on June 22nd, 1933, but later reinstated, and is now before us for final disposition.

Appellant filed suit to foreclose a purchase contract for certain law books which was executed by the appellee. It appears that the original purchase price was $2,102.00 and was to be paid by instalments. The contract contained the following clause:

"All books to belong to the vendor until the entire purchase price, including note acceptance given therefore, is paid."

A considerable amount of the purchase price was paid. Then the bill alleges that defaults occurred.

Demurrer to the bill of complaint was filed. There were two grounds:

First. "There is no equity in the bill of complaint."

Second. "The bill of complaint fails to set up the facts entitling the complainant to the relief sought."

The bill of complaint alleges:

"It was the purpose and intent of the parties to the said contract, Exhibit A hereto, to secure the payment by defendant to complainant of the purchase price of the said books by virtue whereof the said instrument is in law a mortgage and the complainant does hereby elect to claim a lien on the said personal property for the balance of the purchase price thereof so due and unpaid as aforesaid."

It appears from the allegations of the bill of complaint that the books were sold and delivered by the appellant to the appellee; that the appellee received the books, used them in his business as a lawyer; that he failed to pay for the same, although he had executed his written agreement to pay for the books in accordance with his agreed purchase price thereof, contract constituted a conditional sales contract which was given and received to secure the payment of the purchase price of the books.

The allegations of the bill of complaint are sufficient to withstand the demurrer upon authority of the opinion and judgment in the case of Malone v. Mears, 91 Fla. 709, 109 Sou. 677. Therefore, the order appealed from should be reversed and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

ELLIS, J., not participating.